# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**PAREPA SMITH,**

      **Plaintiff**                     **CASE NO.**

      v.

**HEALTHSTAT WELLNESS, INC.**, a
**Foreign Profit Corporation,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff PAREPA SMITH (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against HEALTHSTAT WELLNESS, INC. (hereinafter "HEALTHSTAT" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5. Plaintiff was an employee of Defendant from approximately September 2020 through December 2020.

6. Plaintiff was employed by Defendant in Bartow, Florida.

7. Defendant is a Foreign for Profit Corporation which operates one or more stores in the Central Florida area, including the Bartow location where Plaintiff was employed.

8. Defendant employs more than fifty (50) employees.

9. Plaintiff was an "employee" as defined by the ADAAA.

10. Defendant is an "employer" as defined by the ADAAA.

## **ADAAA STATUTORY PREREQUISITES**

11. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

12. Plaintiff is protected by the ADA because, as the result of being directly exposed to COVID-19, she was required to quarantine for two weeks, therefore, either:

- a) Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);
- b) Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or
- c) Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

13. Plaintiff was discriminated against based on her perceived disability.

14. Plaintiff is a member of a class of individuals protected by the ADAAA.

15. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

16. Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

17. At all times material to the allegations herein, Plaintiff was

qualified for her medical assistant position with Defendant.

18. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

19. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

20. Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## **FACTUAL ALLEGATIONS**

21. Plaintiff was hired by Defendant in September 2020, as a Medical Assistant.

22. On December 4, 2020, Plaintiff found out that she was exposed to COVID-19 through her daughter, who had tested positive.

23. On that same day, Plaintiff took a COVID-19 rapid test and the results came back negative.

24. Nonetheless, based on Centers for Disease Control guidelines and her doctor's orders, Plaintiff had to quarantine for two weeks.

25. On December 7, 2020, Plaintiff informed her supervisor that she

had been exposed to COVID-19 and accordingly, had to quarantine for two weeks in order to prevent the spread of the disease. Plaintiff provided the Office Manager the doctor's note regarding the order to quarantine.

26. Following the quarantine, Plaintiff was set to return to work on December 18, 2020.

27. On December 17, 2020, Plaintiff contacted her supervisor to see if there was anything she needed to do before returning on December 18, 2020.

28. Plaintiff was told to contact Human Resources.

29. Plaintiff tried several times to contact Margaret Gray in Human Resources with no response back.

30. However, Plaintiff was told that the Company had called her and had left several voicemails and that she had been terminated effective December 10, 2020.

31. Plaintiff never received any calls or voicemails.

32. Because of Plaintiff's Covid-19 exposure, Defendant regarded Plaintiff has having Covid-19, a disabling condition under the ADAAA.

33. At the time of her termination, Plaintiff was able to perform the essential functions of her job.

34. At the time of her termination, Plaintiff was qualified for her position.

35. At no time during her employment did Defendant counsel or

otherwise discipline Plaintiff for failure to meet her job duties or on absenteeism.

36. Plaintiff was treated differently than similarly situated non-disabled employees.

37. Defendant discriminated against Plaintiff for taking necessary time off due to her disability.

38. Defendant terminated Plaintiff in retaliation for taking necessary time off due to her disability.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

39. Plaintiff re-alleges and adopts the allegations of paragraphs 21-38 above as if fully set forth herein.

40. Plaintiff was exposed to COVID-19 at one of the early peaks of the pandemic when experts were still unsure about its' effects and how it spread.

41. Plaintiff was perceived by Defendant as having Covid-19, a disabling condition pursuant to the ADAAA.

42. Plaintiff was discriminated against by the Defendant due to her perceived disability in violation of Federal law.

43. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

44. Defendant denied Plaintiff reasonable accommodation as required

by Federal law.

45. Plaintiff is protected by the ADAAA:

    a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

46. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

47. Plaintiff's perceived medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

48. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

49. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

50. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

51. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

52. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

53. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

54. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, she is members of protected classes as envisioned by the ADA.

55. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

57. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

58. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE ADAAA

61. Plaintiff re-alleges and adopts the allegations of paragraphs 21-38 above as if fully set forth herein.

62. Plaintiff was exposed to COVID-19 at one of the early peaks of the

pandemic when experts were still unsure about its' effects and how it spread.

63. Plaintiff was retaliated against by the Defendant due to her perceived disability in violation of Federal law.

64. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

65. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

66. Defendant terminated Plaintiff because she took necessary time off while in quarantine.

67. Defendant terminated Plaintiff in violation of the ADAAA.

68. Plaintiff is protected by the ADAAA:

a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

69. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

70. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

71. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

72. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

73. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

74. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

75. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

76. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

77. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, she is member of protected classes as envisioned by the ADA.

78. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

79. The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

80. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

82. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 14th of day of January, 2022.

                    Respectfully submitted,

                    ***s/Bruce A. Mount***
                    Anthony Hall, Esq.
                    FL Bar No.: 40924
                    Bruce A. Mount, Esq. – LEAD COUNSEL
                    FL Bar No.: 88754
                    THE LEACH FIRM, P.A.
                    631 S. Orlando Avenue, Suite 300
                    Winter Park, Florida 32789
                    Telephone: (407) 574-4999
                    Facsimile: (833) 523-5864
                    Email: ahall@theleachfirm.com
                    Email: bmount@theleachfirm.com
                    Email: yhernandez@theleachfirm.com

                    ***Attorneys for Plaintiff***